[Cite as *State v. Pettorini*, 2021-Ohio-1512.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. W. Scott Gwin, J. |
| | : | | Hon. William B. Hoffman, J. |
| -vs- | : | | |
| | : | | |
| JOHN PETTORINI, | : | | Case Nos. 2020 CA 00057 |
| | : | | 2020 CA 00058 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Licking County
                                     Court of Common Pleas, Case nos.
                                     19 CR 839 & 20 CR 205


JUDGMENT:                            Affirmed


DATE OF JUDGMENT:                    April 29, 2021


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

WILLIAM C. HAYES                               JAMES A. ANZELMO
Licking County Prosecutor                      Anzelmo Law
                                               446 Howland Drive
By: PAULA M. SAWYERS                           Gahanna, ohio 43230
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Baldwin, J.*

**{¶1}** Defendant-appellant John Pettorini appeals his sentence from the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 20, 2019, Pataskala Police were dispatched to take a report after a two car automobile collision. Appellant had driven left of center and collided with another vehicle. When the police arrived, they found appellant unconscious. Appellant was revived with Narcan. Suspected drugs were found on appellant's lap and on the road by appellant's car door. The drugs were later confirmed to be fentanyl.

**{¶3}** On October 17, 2019, appellant was indicted in Case No. 19 CR 839 on one count of aggravated possession of controlled substances (fentanyl) in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree. At his arraignment on November 12, 2019, appellant entered a plea of not guilty to the charge.

**{¶4}** On May 1, 2020, appellant was stopped for a marked lanes violation. An officer requested appellant's driver's license. Appellant claimed not to have a license with him and fled. The pursuit by police lasted approximately 10 minutes with speeds up to 90 miles per hour in a 35 mile per hour zone. The total distance of the pursuit was approximately 5 miles during which appellant ran numerous stop signs and traffic lights. Appellant almost hit one vehicle and passed dangerously around several other vehicles. Appellant then pulled into a field and ran on foot and was arrested. Used syringes were found in his vehicle.

**{¶5}** On May 14, 2020, appellant was indicted in Case No. 20 CR 205 on one count of failure to comply with order or signal of police officer in violation of R.C.

2921.331(B), a felony of the third degree, and one count of possessing drug abuse instruments in violation of R.C. 2925.12(A), a misdemeanor of the first degree.  On May 19, 2020, appellant entered a plea of not guilty to the charges.

{¶6}    Appellant, on June 11, 2020, was indicted via a superseding indictment in Case No. 19 CR 839 on one count of aggravated possession of controlled substances (fentanyl) in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree, and one count of failure to appear[1] in violation of R.C. 2937.29 and R.C. 2937.99(B), a felony of the fourth degree. On June 16, 2020, appellant entered a plea of not guilty to the charges.

{¶7}    On September 8, 2020, appellee filed a Motion to Dismiss the charge of failure to appear in Case No.19 CR 839. Pursuant to an Entry filed on the same date, the Motion to Dismiss was granted.

{¶8}    On September 8, 2020, appellant entered a plea of guilty to both counts in Case No. 20 CR 205 and to the remaining count in Case No. 19 CR 839. As memorialized in Judgment Entries filed in both cases on September 8, 2020, appellant was sentenced to an aggregate sentence in Case No. 20 CR 205 of three years in prison and, in Case No. 19 CR 839, was sentenced to one year in prison. The trial court ordered that the sentences be served consecutively for an aggregate sentence of four years in prison.

{¶9}    Appellant now raises the following assignments of error on appeal:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED PETTORINI TO PRISON, INSTEAD OF COMMUNITY CONTROL, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE

---

[1] After appellant failed to appear for a pretrial conference, a capias was issued for his arrest.

UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

**{¶11}** "II. THE TRIAL COURT UNLAWFULLY ORDERED PETTORINI TO SERVE CONSECUTIVE SENTENCES FOR HIS OFFENSES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

I, II

**{¶12}** Appellant, in his first assignment of error, argues that the trial court erred in sentencing him to prison instead of community control. In his second assignment of error, appellant contends that the trial court erred in sentencing him to consecutive sentences. We disagree.

**{¶13}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶14}** Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute its own judgment for that of the trial court to

determine a sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, —— N.E.3d ——, 2020-Ohio-6729 ¶ 42.

**{¶15}** This Court is, therefore, without authority to disturb appellant's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and R.C. 2929.12. Instead we may only determine if the sentence is contrary to law.

**{¶16}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶17}** Appellant does not argue that his sentence was not within the permissible statutory range. Rather, appellant argues that he should have been sentenced to community control because he was remorseful, his conduct was not part of organized, extensive drug trafficking, and he committed the offenses due to his relapse in his drug addiction.

**{¶18}** However, we find that the trial court did not err in sentencing appellant to prison rather than community control. As noted by the trial court, appellant was on supervision at the time of the first offense, and at the time of the second offense, was under indictment and a warrant had been issued for his arrest for failure to appear for the first charge. The trial court noted that the first offense involved appellant operating a motor vehicle while under the influence of drugs. Appellant's offenses occurred on different dates and involved drug activity. The trial court indicated that it had considered the

principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The trial court found that appellant was not amenable to community control. Moreover, appellant's failure to appear for trial in Case No. 19 CR 839 qualifies as one of the conditions for imposing a prison sentence on felonies of the 4th and 5th degrees under R.C. 2929.13(B)(1)(b).

**{¶19}** Appellant also argues that the trial court erred in imposing consecutive sentences.

**{¶20}** R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

**{¶21}** (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶22}** (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶23}** (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶24}** (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶25}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

**{¶26}** In the case sub judice, the trial court found that consecutive sentences were necessary to protect the public or to punish the offender and were not disproportionate to the seriousness of the crimes that appellant committed and the danger that appellant posed to the public. The trial court found that appellant had committed one or more of the multiple offenses while awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. As is stated above, the trial court noted that appellant was on supervision at the time of the first offense, and at the time of the second offense, was under indictment and a warrant had been issued for his arrest for failure to appear for the first charge. The trial court noted that the first offense involved appellant

operating a motor vehicle while under the influence of drugs. Both cases involved drug activity.

**{¶27}** The trial court also reviewed appellant's presentence investigation report (PSI). The PSI revealed that appellant had an extensive history of drug use and had served two separate prison terms for burglary. While in prison, appellant was charged with a third burglary but was eventually convicted of a lesser offense and was given probation.  However, appellant relapsed and was charged with possession of drugs. Appellant also has convictions for drug abuse and drug paraphernalia.

**{¶28}** Based on the foregoing, we find that the trial court did not err in sentencing appellant to prison and imposing consecutive sentences.

**{¶29}** Appellant's two assignments of error are, therefore, overruled.

{¶30}  Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Hoffman, J. concur.