[Cite as *State v. Grannon*, 2022-Ohio-220.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2021-0028 |
| JASON M. GRANNON | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2021-0004 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 27, 2022 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RONALD L. WELCH<br>Prosecuting Attorney<br>Muskingum County, Ohio | JAMES S. SWEENEY<br>James Sweeney Law, LLC<br>285 South Liberty Street<br>Powell, Ohio 43065 |
| TAYLOR P. BENNINGTON<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth Street<br>P.O. Box 189<br>Zanesville, Ohio 43701 | |

*Hoffman, J.*

{¶1} Defendant-appellant Jason M. Grannon appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to two counts of vehicular assault (R.C. 2903.08(A)(2)(b)) and sentencing him to eighteen months incarceration on each count, to be served consecutively. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 8, 2020, Appellant drove his pickup truck left of center on State Route 93 in Muskingum County, striking two vehicles. The driver of the first vehicle Appellant struck sustained a fractured ankle, as well as other minor injuries. The driver of the second vehicle struck by Appellant sustained broken ribs and other minor injuries. A witness to the crash told police Appellant had been swerving the entire time she traveled behind him prior to the crash. Appellant had blood drawn, which showed methamphetamine, amphetamine, cocaine metabolite, and fentanyl in his system at the time of the crash.

{¶3} On January 14, 2021, the Guernsey County Grand Jury indicted Appellant on two counts of aggravated vehicular assault (R.C. 2903.08(A)(1)(a)), felonies of the second degree, and two counts of operating a motor vehicle while intoxicated (R. C. 4511.19(A)(1)(a)), misdemeanors of the first degree.

{¶4} Appellant appeared in the Muskingum County Common Pleas Court on March 22, 2021, for a change in plea hearing. The State amended the two charges of aggravated vehicular assault, second degree felonies, to two counts of vehicular assault, fourth degree felonies. The State dismissed the charges of operating a motor vehicle while intoxicated.

**{¶5}** The trial court held a sentencing hearing on April 28, 2021. The court sentenced Appellant to 18 months incarceration on each count, to be served consecutively, for an aggregate term of imprisonment of 36 months.

**{¶6}** It is from the April 29, 2021 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT'S MAXIMUM SENTENCE ON EACH COUNT WAS NOT SUPPORTED BY THE RECORD AND WAS CONTRARY TO LAW.

II. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES ON THE APPELLANT.

I.

**{¶7}** In his first assignment of error, Appellant argues the trial court's imposition of maximum sentences on each count was not supported by the record, and was therefore contrary to law.

**{¶8}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D),

2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶9}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶10}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. § 2929.11(B).

**{¶11}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶12}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 1163 Ohio St.3d 242, 69 N.E.3d 649, 2020-Ohio-6729, ¶ 42. This Court is without authority to disturb Appellant's sentence absent a finding by clear and convincing evidence the record does not support the trial court's findings under R.C. 2929.11 and R.C. 2929.12. Instead, we may only determine if the sentence is contrary to law.

**{¶13}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, 2021 WL 1714216, ¶¶ 14-16 *quoting State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶14}** Appellant does not argue his sentence was outside the sentencing range permitted by law, but rather argues the trial court erred in sentencing him to the maximum sentence based on its weighing of the factors set forth in R.C. 2929.11 and R.C. 2929.12. The trial court stated in its sentencing entry it had considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, as well as the record, all statements including any victim impact statement, and the plea recommendation. The record further reflects the trial court received and considered a presentence investigation report. The trial court stated at the hearing the victims' letters were sent to the court, along with the picture of one of the

victim's vehicle.  The trial court noted its surprised anyone walked away from the accident, as well as the fact one of the victims was told if anyone had been in the passenger seat of her vehicle, the passenger would have died.  The court noted not only was Appellant using drugs at the time of the accident, when he was arrested some time later he also tested positive for illegal drugs.  The court also stated Appellant had three prior felonies, including a conviction of theft of a motor vehicle for which he was serving a sentence at the time of the hearing.  The victim impact statement, which was part of the presentence investigation and summarized by the prosecutor at the sentencing hearing, demonstrated ongoing physical, emotional, and psychological damage to one of the victims as a result of the accident.

**{¶15}**  Based on the foregoing, we find the trial court considered the purposes and principles of sentencing (R.C. 2929.11) as well as the factors the court must consider when determining an appropriate sentence. (R.C. 2929.12). Although not required to do so, the trial court set forth its reasons for the sentence on the record. While Appellant may disagree with the weight given to these factors by the trial judge, Appellant's sentence was within the applicable statutory range, and we find no basis for concluding the sentence is contrary to law.

**{¶16}**  The first assignment of error is overruled.

II.

**{¶17}**  In his second assignment of error, Appellant argues the record does not support the trial court's imposition of consecutive sentences.

**{¶18}**  R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶19} In the instant case, the trial court found at the sentencing hearing based on Appellant's criminal history, consecutive sentences are necessary to protect the public from future crimes, and consecutive sentences are not disproportionate to the

seriousness of the conduct and the danger posed to the public. At the hearing and in the sentencing entry, the trial court stated it based its decision on the fact Appellant had three prior felony convictions, there were separate victims, and Appellant continued to use drugs and commit criminal offenses after this incident. Based on the record before this court, we do not clearly and convincingly find the trial court's findings in support of its imposition of consecutive sentences are not supported by the record.

{¶20} The second assignment of error is overruled.

{¶21} The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.
Wise, Earle, P.J. and
Delaney, J. concur