[Cite as *State v. Alter*, 2022-Ohio-2863.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BRANDON LEE ALTER, | : | Case No. 2022CA0001 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Morrow County
                                Court of Common Pleas, Case No.
                                2021-CR-0013

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               August 17, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

THOMAS SMITH                              J.C. RATLIFF
Morrow County Prosecuting Attorney        JEFF RATLIFF
                                          ROCKY RATLIFF
By: DAVID HOMER                           KYLE PHILPS
Assistant Prosecuting Attorney            KATHERINE EBRAHEIM
60 East High Street                       NICHOLAS BARONS
Mt. Gilead, Ohio 43338                    Ratliff Law Office
                                          200 West Center Street
                                          Marion, Ohio 43302

*Baldwin, J.*

{¶1}    Defendant-appellant Brandon Lee Alter appeals his sentence from the Morrow County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On April 6, 2020, Detective Christina High of the Morrow County Sheriff's Office received an email from the Broadview Heights Police Department (BHPD) indicating that the BHPD had received an online application from appellant for a medical marijuana card. Appellant attached to the application, an image of his driver's license and also an image of a prepubescent nude female inserting and object into her anus. After a search warrant for appellant's residence was obtained, several items including a desktop computer and tablet were seized from appellant's home. They were later determined to contain child pornography.

{¶3}    On January 28, 2021, the Morrow County Grand Jury indicted appellant on five counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1), felonies of the second degree, and one count of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(5), a felony of the fourth degree. At his arraignment on February 19, 2021, appellant entered a plea of not guilty to the charges.

{¶4}    Subsequently, appellant withdrew his former not guilty plea and entered a plea of guilty to two counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1), felonies of the second degree. The remaining charges were dismissed. Pursuant to a Judgment Entry filed on December 14, 2021, appellant was sentenced to six (6) years on each count, to be served consecutively, for an

aggregate prison sentence of twelve (12) years, subject to an indefinite prison sentence of up to fifteen (15) years. In addition, appellant was fined $10,000.00 on each count, but $9,000.00 on each count was suspended.

{¶5} Appellant now appeals, raising the following assignments of error on appeal:

{¶6} "I. THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF THE DEFENDANT BY IMPOSING CONSECUTIVE SENTENCES AS CONSECUTIVE SENTENCES ARE UNSUPPORTED BY THE RECORD AND THEREFORE CONTRARY TO LAW."

{¶7} "II. THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF THE DEFENDANT BY IMPOSING CONSECUTIVE SENTENCES AND FAILING TO FOLLOW THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING PURSUANT TO R.C. 2929.11 AND IMPROPERLY WEIGHED THE SENTENCING FACTORS IDENTIFIED IN R.C. 2929.12 TO THE PREJUDICE OF THE DEFENDANT."

I, II

{¶8} Appellant, in his two assignments of error, argues that the trial court erred in sentencing him to consecutive sentences. We disagree.

{¶9} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D),

2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.*, *citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶10}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶11}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. § 2929.11(B).

**{¶12}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11 and R.C. 2929.12.

**{¶13}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 169 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if a sentence is contrary to law. *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, ¶ 15.

**{¶14}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *Id.* at ¶¶ 14-16, *quoting State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶15}** In the case sub judice, the record established that the trial court considered the purposes and principles of sentencing as well as the seriousness and recidivism factors set out in R.C. 2929.11 and R.C. 2929.12, respectively. The trial court found that the child victims suffered serious physical, psychological or economic harm, that appellant had a history of criminal convictions and that appellant did not show genuine remorse. The trial court noted on the record that appellant's interviewer did not feel that appellant had remorse at the time and did not feel that appellant had admitted his knowledge and wrongdoing. The court stated that "[s]o the investigator didn't feel there was remorse and I feel remorse, unfortunately, is a minimal statement here." Sentencing Transcript at 28. Upon review, we do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. The sentences are within the statutory ranges and the trial court considered the appropriate statutory factors.

**{¶16}** Appellant contends that the trial court erred in imposing consecutive sentences. Appellant argues that consecutive sentences are not supported by the record.

**{¶17}** R.C.§ 2929.14(C)(4) provides:

**{¶18}** (C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the courts finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶19}** (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶20}** (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶21}** (c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶22}** Thus, the trial court must find that consecutive sentences are necessary to protect the public from future crime to punish the offender. In addition, the court must find that consecutive sentences are not disproportionate to the offender's conduct and to the

danger the offender poses to the public. Finally, the court must make at least one of these three additional findings: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. § 2929.16, § 2929.17, or § 2929.18, or while under post-release control for a prior offense, (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶23} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. § 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* If a sentencing court fails to make the findings required by R.C. § 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id.* at ¶34. The trial court is not required "to give a talismanic incantation of the

words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶37.

**{¶24}** The trial court, in this matter, found that that consecutive sentences were necessary to protect the public from future crime and to punish the offender and that consecutive sentences were not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct. The trial court noted that there were many child victims exploited over a long period of time. There were 74 individual images of known child victims in addition to 939 other graphics, videos and web pages of possible images of child pornography seized from appellant's digital devices.

**{¶25}** Appellant argues, in part, that the trial court should not have sentenced him to consecutive sentences because the trial court had no reasonable basis to consider the State's unsupported and uninvestigated allegation that appellant was receiving some sort of economic gain from the photographs. Appellant maintains that the trial court "continually returned to this unsupported and uninvestigated allegation of economic gain to elevate the seriousness of the charges and the total sentence." While appellant argues that appellant's case is a possession rather than a pandering case, appellant entered a plea of guilty to two counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1), felonies of the second degree. By pleading guilty, appellant admitted that he, with knowledge of the character of the material or performance

involved, Created, recorded, photographed, filmed, developed, reproduced, or published any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality. R.C. 2907.322 (A)(1).

{¶26} We find that the trial court did not err in sentencing appellant to consecutive sentences.

{¶27} Appellant's two assignments of error are, therefore, overruled.

{¶28} Accordingly, the judgment of the Morrow County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Gwin, J. concur.