[Cite as *State v. Lowe*, 2022-Ohio-4469.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022 CA 0037 |
| DARREN LOWE | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Richland County Court of
Common Pleas, Case No. 2021 CR 0928


JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 12, 2022


APPEARANCES:


For Plaintiff-Appellee               For Defendant-Appellant

GARY BISHOP                       RANDALL E. FRY
Prosecuting Attorney             10 West Newlon Place
Richland County, Ohio            Mansfield, Ohio 44902

CHASE E. BAKER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1} Defendant-appellant Darren Lowe appeals the judgment entered by the Richland County Common Pleas Court convicting him following his pleas of guilty to abduction (R.C. 2905.02(A)(1)(C)), vandalism (R.C. 2909.05(B)(1)(a)),(E)), assault (R.C. 2903.13(A),(C)) and obstructing official business (R.C. 2921.31(A),(B)) and sentencing him to an aggregate prison term of 48 months.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 29, 2021, Appellant, who was 17-years-old and on probation through the Department of Youth Services, resided at 783 Lenox in Mansfield, Ohio.  An order was placed for food to be delivered to the residence from Domino's Pizza.  The order requested the delivery person leave the food on the porch.

{¶3} The victim was working as a delivery person for Domino's on the day in question, and delivered the food to 783 Lenox.  She left the food on the porch as instructed, and started to walk to her car.  Appellant came out of the residence and asked for a receipt.  When she walked back to give him the receipt, he tackled her and tried to choke her.  Appellant allowed the victim to get up, and she attempted to return to her car.

{¶4} After the victim took a few steps toward her car, Appellant grabbed her and pulled her to a shed behind the house.  The victim was able to get away and ran to a nearby house, where she called 911.

{¶5} Appellant was wearing a GPS monitor on his ankle at the time of the offense because of the terms of his probation.  Appellant fled his home, eventually breaking off the ankle monitor and leaving it in bushes near a friend's house.  The ankle monitor was damaged beyond repair.

**{¶6}** Following a bindover proceeding in the juvenile court, the case was bound over to the Common Pleas Court for trial as an adult, and Appellant was indicted by the Richland County Grand Jury with abduction, vandalism, assault, and obstructing official business. He entered pleas of guilty to all charges and was sentenced to 36 months incarceration for abduction, 12 months incarceration for vandalism, 180 days incarceration for assault, and 90 days incarceration for obstructing official business. The sentences for abduction and vandalism were ordered to run consecutively to each other. The sentences for assault and obstructing official business were ordered to run concurrently with the sentences for abduction and vandalism.

**{¶7}** It is from the April 27, 2022 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT SENTENCE OF MAXIMUM CONSECUTIVE SENTENCES WAS NOT SUPPORTED BY THE RECORD.

**{¶8}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶9}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶10}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id*. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. § 2929.11(B).

**{¶11}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11 and R.C. 2929.12.

**{¶12}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to

determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 169 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if a sentence is contrary to law. *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, ¶ 15

{¶13} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *Id.* at ¶¶ 14-16, *quoting State v. Dinka,* 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶14} In the instant case, the sentencing transcript reflects the trial court considered the victim impact statement, Appellant's behavioral record inside the Richland County Jail, and the presentence investigation. The trial court stated on the record it had considered the principles and purposes of sentencing set forth in R.C. 2929.11, as well as the seriousness and recidivism factors in R.C. 2929.12. We find the maximum sentences imposed are not clearly and convincingly contrary to law in the instant case, and thus we do not have authority to disturb the sentence on appeal.

{¶15} Appellant also argues the trial court erred in imposing consecutive sentences.

{¶16} R.C..2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶17}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Smith,* 10th Dist. Franklin No. 18AP-525, 2019-Ohio-5199, ¶ 34, *citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶18} Appellant argues the trial court's findings are not supported by the record because he does not have an adult felony record, and should be given an opportunity at adult probation. He also argues the record does not reflect serious harm to the victim. He argues he showed remorse for his actions, and the details of his behavioral record at the Richland County Jail which are mentioned by the trial court are not in the record.

{¶19} The trial court found consecutive sentences are necessary to protect the public from future crime or to punish Appellant, and consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and the danger he poses the public. The trial court additionally found Appellant committed the offenses while under a community control sanction for a prior offense, and his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant. It is undisputed Appellant was on probation for a juvenile offense at the time of the instant crimes. The trial court noted Appellant, who was 17 years old at the time of the offense, had an extensive juvenile record including criminal trespass, falsification, inducing panic, illegal possession of an object indistinguishable from a firearm in a school zone, aggravated burglary, assault, underage consumption, unauthorized use of a motor vehicle, grand theft of a motor vehicle, receiving stolen property, and obstructing official business. In addition to the charges in the instant case, Appellant's adult record included disorderly conduct and criminal damaging. His risk assessment placed him at high risk to re-offend. The victim's life was changed completely by the offenses, and she was unable to work for a period of a month. The judge further noted Appellant had an extensive record at the Richland County Jail, in which he did not cooperate with authorities and threatened to kill himself any time he didn't want to comply

with orders from the facility or he didn't like something in the jail.  Sent. Tr. 9-12.  We find the trial court's findings consecutive sentences are supported by the record.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur


_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY