[Cite as *State v. Chatman*, 2025-Ohio-4862.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25 CAA 04 0025 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 24 CRI 08 0464 |
| CYNTHIA CHATMAN | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 23, 2025 |

**BEFORE:** Craig R. Baldwin, William B. Hoffman, Robert G. Montgomery, Appellate Judges

**APPEARANCES:** Melissa A. Schiffel, Prosecuting Attorney, Katheryn L. Munger, Assistant Prosecuting Attorney, A. Case Thompson, Legal Intern, Delaware County Proseuctor's Office, for Plaintiff-Appellee; William T. Cramer, for Defendant-Appellant

OPINION

*Hoffman, J.*

{¶1}    Defendant-appellant Cynthia Chatman appeals the judgment entered by the Delaware County Common Pleas Court convicting her following her plea of guilty to engaging in a pattern of corrupt activity (R.C. 2923.32(A)(1)) and sentencing her to a term of incarceration of three to four and one-half years.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    In April of 2024, an employee of a Bath & Body Works store reported a theft in progress.  Officers arrived at the scene to find cousins Daiza and Marquan Hoston leaving the store with merchandise.  The pair fled from police, but later that day they were reported for stealing merchandise from other Bath & Body Works stores in the same area.  In addition to in-store thefts, video from the company warehouse showed someone backing a car up to a service bay late at night, and two people loading the car with merchandise.

{¶3}    Later in April of 2024, a detective arranged to purchase Bath & Body Works candles from Appellant via Facebook.  After a controlled buy at Appellant's home, a search warrant was executed.  Officers found Bath & Body Works merchandise valued at $8,422.65.  Appellant admitted to police she knew the items were stolen, and explained the Hostons stole the merchandise and gave it to her to sell on Facebook.  After his apprehension, Marquan Hoston admitted to stealing the items, and told police he knew Appellant because he dated her daughter.

{¶4}    Appellant was indicted by the Delaware County Grand Jury with one count of engaging in a pattern of corrupt activity as a felony of the second degree.  Pursuant to

a negotiated plea, Appellant entered a plea of guilty to the charge and agreed to pay restitution in the amount of $35,385.30. The parties agreed to jointly recommend a sentence of community control despite the fact the conviction carried a presumption of a prison sentence.

{¶5} The trial court convicted Appellant upon her plea of guilty. The case proceeded to sentencing. The trial court found based upon the number of Appellant's past criminal offenses, some involving retail theft, for which she received sentences of community control, the court could not make the requisite findings pursuant to R.C. 2929.13(D)(2) to overcome the presumption of a prison sentence. The trial court sentenced Appellant to a term of incarceration of three to four and one-half years. It is from the March 11, 2025 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

BY CLEAR AND CONVINCING EVIDENCE, THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS THAT THE PRESUMPTION IN FAVOR OF PRISON WAS NOT OVERCOME.

{¶6} Appellant argues the record does not support the trial court's finding the presumption of prison was not overcome. We disagree.

{¶7} Appellant argues this Court must reverse if we find the recidivism and seriousness factors do not clearly and convincingly support the trial court's finding the presumption of prison was not overcome pursuant to R.C. 2929.13(D)(2). We disagree

with the standard of review set forth by Appellant in her brief. R.C. 2953.08(G)(2) provides:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶8}   R.C. 2929.13(D)(2) sets forth the findings the trial court must make to find the presumption of prison has been overcome:

> (2) Notwithstanding the presumption established under division (D)(1) of this section for the offenses listed in that division other than a

violation of division (A)(4) or (B) of section 2907.05 of the Revised Code, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶9}   R.C. 2929.13(D)(2) requires the trial court to make specific findings if it finds the presumption of prison *has* been overcome and sentences the defendant to

community control. Pursuant to R.C. 2953.08(G)(2)(a), those findings are reviewable by this Court to determine if they are supported by the record. However, in the instant case, the trial court found the presumption of prison **had not** been overcome. The trial court was not required to make any specific findings to impose a sentence in accordance with the presumption of prison. Because the trial court was not required to make any findings in this case to support its judgment finding the presumption of prison was not overcome, this Court does not review any reasons the trial court set forth for finding the presumption was not overcome to determine if the reasons are supported by the record. Rather, we review the sentence under the standard of review generally applicable to felony sentencing pursuant to R.C. 2953.08(G)(2)(b), whether the sentence is clearly and convincingly contrary to law.

{¶10} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶ 16 (5th Dist.).

{¶11} In the instant case, the trial court found a prison term is consistent with the purposes of felony sentencing in R.C. 2929.11, as well as the seriousness and recidivism factors in R.C. 2929.12. The trial court stated at the sentencing hearing because of

Appellant's prior record and the dollar amount of the merchandise stolen, she could not make the requisite findings to overcome the presumption of prison applicable to this case despite the joint recommendation of the parties.  We find the sentence is not clearly and convincingly contrary to law.

{¶12}  The assignment of error is overruled.  The judgment of the Delaware County Common Pleas Court is affirmed.  Costs to Appellant.

By: Hoffman, J.

Baldwin, P.J. and

Montgomery, J. concur