[Cite as *State v. Smith*, 2026-Ohio-1390.]

IN THE FIFTH DISTRICT COURT OF APPEALS
GUERNSEY COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case Nos. 25CA000038 & 25CA000039 |
| Plaintiff - Appellee | Opinion and Judgment Entry |
| -vs- | Appeal from the Guernsey County Court of Common Pleas, Case Nos. 25CR000002 & 25CR000064 |
| TIMOTHY A. SMITH | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: April 15, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Craig R. Baldwin, Judges

**APPEARANCES:** Mark A. Perlaky, Assistant Guernsey County Prosecuting Attorney, for Plaintiff-Appellee; Kristopher K. Hill, Graham & Graham Co., LPA, for Defendant-Appellant.

*Hoffman, J.*

{¶1} In Guernsey App. Nos. 25CA000038 and 25CA000039, defendant-appellant Timothy Smith appeals the September 22, 2025 Judgment Entry of Sentence entered by the Guernsey County Court of Common Pleas, which sentenced him to an aggregate prison term of eighty-eight months on one count of having weapons under disability, two counts of gross sexual imposition, and one count of retaliation. Plaintiff-appellee is the State of Ohio. We affirm the trial court.

STATEMENT OF THE CASE AND FACTS

{¶2} On January 28, 2025, the Guernsey County Grand Jury indicted Appellant on three counts of having weapons while under disability, in violation of R.C. 2923.13(A) and (B), felonies of the third degree (Counts 1, 2, and 3); one count of rape, in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree (Count 4); one count of sexual battery, in violation of R.C. 2907.03(A)(2) and (B), a felony of the third degree (Count 5); and one count of aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree (Count 6) (Case No. 25-CR-02). Appellant appeared before the trial court for arraignment on January 30, 2025, and entered a plea of not guilty to the Indictment.

{¶3} On March 25, 2025, the Guernsey County Court of Common Pleas indicted Appellant on one count of retaliation, in violation of R.C. 2921.05(A) and (C), a felony of the third degree (Count 1); and one count of intimidation of an attorney, victim, or witness in a criminal case, in violation of R.C. 2921.04(B)(2) and (D), a felony of the third degree (Count 2) (Case No. 25-CR-64).

{¶4} Prior to the scheduled trial date, the Prosecutor and counsel for Appellant advised the trial court a negotiated plea had been reached. The trial court conducted a negotiated plea hearing on July 28, 2025, at which Appellant withdrew his former plea of not guilty, and entered a plea of guilty to Count 1, having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree; and Amended Counts 4 and 5, gross sexual imposition, in violation of R.C. 2907.05(A)(1), felonies of the fourth degree in Case No. 25-CR-02; and Count 1, retaliation, in violation of R.C. 2921.05(A), a felony of the third degree in Case No. 25-CR-64. After conducting a Crim.R. 11 colloquy, the trial court accepted Appellant's plea and found him guilty. The trial court deferred

sentencing pending a pre-sentence investigation. The trial court granted the State's motion to dismiss Counts 2, 3, and 6 in Case No. 25-CR-02, and Count 2 in Case No. 25-CR-64.

{¶5} The trial court conducted a sentencing hearing on September 19, 2025. The State provided a summary of the facts underlying the offenses, which are as follows:

{¶6} Appellant, who was 50 years old at the time of the incident, was at his residence and instructed several individuals to bring the minor victim, who was 17 years old, to a shed. Appellant knew the victim had been given alcohol and marijuana, and also knew the victim was critically intoxicated. Appellant forced the victim to perform fellatio on him. At some point, a witness opened the shed door and observed the victim performing fellatio on him. The victim broke down crying, but the witness closed the shed door. Appellant forced the victim to continue.

{¶7} Appellant owned firearms at the time despite the fact he was not allowed to own a firearm in the State of Ohio due to a prior conviction for which he served approximately 24 months in prison. After Appellant was arrested, he threatened to slash the tires of a deputy's car.

{¶8} In Case No. 25-CR-02, the trial court sentenced Appellant to a term of incarceration of 24 months on Count 1, having weapons while under disability; a term of 17 months on Amended Count 4, gross sexual imposition; and a term 17 months on Amended Count 5, gross sexual imposition. In Case No. 25-CR-64, the trial court imposed a period of incarceration of 30 months on Count 1, retaliation. The trial court ordered the sentences in Case No. 25-CR-02 be served consecutively to one another, and consecutively to the sentence imposed in Case No. 25-CR-64, for an aggregate term of incarceration of 88 months.

{¶9} The trial court memorialized Appellant's sentence via Judgment Entry of Sentence filed September 22, 2025.

{¶10} It is from this judgment entry Appellant appeals, raising the following assignment of error:

THE TRIAL COURT ERRED BY ONLY GIVING CURSORY ATTENTION TO THE FACTORS SET FORTH IN R.C. 2929.12; SPECIFICALLY, THE HAVING WEAPONS WHILE UNDER DISABILITY AND RETALIATION COUNTS.

I

{¶11} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 2020-Ohio-6722, ¶13 (5th Dist.), citing *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id.*, citing *State v. Bonnell*, 2014-Ohio-3177.

{¶12} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

{¶13} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court

determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶14} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶15} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶16} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.), quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶17} Appellant submits the trial court only gave cursory attention to the R.C. 2929.12 factors in determining the sentences for the having weapons while under disability and retaliation counts when "[t]here was noting showing [Appellant's] conduct was more serious than conduct normally constituting the offense to warrant [the] sentence." Brief of Appellant at p. 5. Appellant further asserts "[t]he same lack of factors is applicable to the retaliation charge and sentence." *Id.*

{¶18} In its September 22, 2025 Judgment Entry of Sentence, the trial court found:

In light of that guidance [from R.C. 2929.11 and R.C. 2929.12], the Court finds that certain factors contained in R.C. Section 2929.12(B), (C), (D), and (E) apply to [Appellant] as follows:

(1) [Appellant] committed offense on bail, awaiting sentencing, or under court sanction, community control, PRC, or after PRC unfavorably terminated.

(2) [Appellant] has a history of criminal convictions.

(3) [Appellant] failed to respond favorably to sanctions previously imposed.

(4) [Appellant] demonstrated a pattern of drug or alcohol abuse related to the offense and the Court has no information if [Appellant] refuses to acknowledge pattern or refuses treatment.

(5) [Appellant] shows no remorse for the offense.

(6) [Appellant] not adjudicated delinquent prior to offense.

(7) Injury to victim was worsened by age of the victim.

(8) Victim suffered serious psychological harm as a result of the offense.

(9) Relationship with victim facilitated the offense.

September 22, 2025 Judgment Entry of Sentence, pp. 2-3.

{¶19} The trial court expressly stated it considered the principles and purposes of R.C. 2929.11 and the factors listed in R.C. 2929.12, and specifically set forth the R.C. 2929.12 factors it applied in this case.  Pursuant to *State v. Jones*, 2020-Ohio-6729, this Court is not permitted to independently weigh these factors. The trial court considered R.C. 2929.11 and R.C. 2929.12 and sentenced Appellant within the statutory range. We find the sentence is not contrary to law.

{¶20} Appellant's sole assignment of error is overruled.

{¶21} The judgment of the Guernsey County Court of Common Pleas is affirmed.

{¶22} Costs to Appellant.

By: Hoffman, J.

King, P.J. and

Baldwin, J. concur.