[Cite as *State v. Roberts*, 2020-Ohio-6722.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2020 CA 0030 |
| JESSE ROBERTS | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No. 18 CR 503


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    December 15, 2020


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                    JAMES A. ANZELMO
PROSECUTING ATTORNEY            ANZELMO LAW
PAULA M. SAWYERS                  446 Howland Drive
ASSISTANT PROSECUTOR             Gahanna, Ohio  43230
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, J.*

{¶1}   Appellant Jesse Roberts appeals the sentence after entering a plea of guilty in the Court of Common Pleas of Licking County. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On January 9, 2018, while conducting surveillance on a residence, detectives with the Central Ohio Drug Enforcement Task Force ("CODE") ran a license plate of a parked vehicle. The license plate returned as belonging to a stolen vehicle. Detectives observed Appellant enter the vehicle and drive away. The police executed a traffic stop and placed Appellant in custody. During a search of Appellant, Officers located 1.97 grams of Methamphetamine, a Schedule II controlled substance.

{¶3}   On July 19, 2018, Appellant was indicted for one count of Aggravated Possession of Drugs, a violation of R.C. §2925.11(A)(C)(1)(a), a felony of the 5th degree.

{¶4}   On February 24, 2018, the Licking County Sheriff's Office responded to a report of a stolen vehicle that had been crashed and abandoned. The caller described the driver as wearing a red sweatshirt and shorts, and fled on foot. During a search of the area, Officers discovered a red sweatshirt and a black hat lying on the ground near the road. Appellant was located in the woods not far from the discarded clothing. Officers found a yellow satchel containing .56 grams of Methamphetamine, a Schedule II controlled substance, under Appellant.

{¶5}   On August 30, 2018, a superseding indictment was issued where Appellant was charge with a second count of Aggravated Possession of Drugs in violation of R.C. §2925.11(A)(C)(1)(a), a felony in the 5th degree.

{¶6}    On November 6, 2018, Appellant informed the court he wished to enter a plea of guilty. At the hearing, the Appellee presented facts which included the Appellant was driving a stolen vehicle on both January 9, 2018, and February 24, 2018, when Counts 1 and 2 of the indictment, respectively, took place. Appellant agreed with the facts set forth by Appellee and pled guilty to the indictment. Appellant also acknowledged he was on parole at the time of the hearing and of the indictment. He further acknowledged his understanding that the post-release control time could be imposed based upon his guilty plea on the indictment.

{¶7}    At the sentencing hearing, the trial court noted that a pre-sentence investigation report showed that Appellant had past criminal history dating back to 1995 which included both felony and misdemeanor convictions. These included multiple convictions for Theft and Burglary, a conviction for Aggravated Robbery with a Firearm Specification in 2001, Receipt of Stolen Property in 2001, having Weapons While Under Disability in 2001, Robbery in 2010, Unauthorized Use of a Motor Vehicle in 1997, 1999, 2009, and 2017, and Attempted Grand Theft of a Motor Vehicle and Grand Theft of a Motor Vehicle in 1999 and 2001. The pre-sentence investigation report also disclosed the reason for his criminal activity was drug abuse. He reported drug use since he was eleven years-old.

{¶8}    At the sentencing hearing, the trial court noted that Appellant was a danger to the community. The trial court considered the purposes and principles of sentencing set out in R.C. §2929.11, as well as the seriousness and recidivism factors under R.C. §2929.12. The court then sentenced the Appellant to nine months each on Counts 1 and 2 and ordered them to run consecutively. The court found that consecutive sentences

were necessary to protect the public, punish Appellant, not disproportionate to the crime that's been committed, and necessitated by Appellant's criminal conduct.

## ASSIGNMENTS OF ERROR

{¶9}   On March 20, 2020, Appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶10}  "I. THE TRIAL COURT IMPROPERLY SENTENCED ROBERTS BASED ON CONDUCT FOR WHICH ROBERTS DENIED AND WAS NOT CONVICTED, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶11}  "II. THE TRIAL COURT UNLAWFULLY ORDERED ROBERTS TO SERVE CONSECUTIVE SENTENCES FOR HIS DRUG OFFENSES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

### I.

{¶12} In his First Assignment of Error, Appellant argues that the trial court improperly sentenced him for conduct which he was not convicted. We disagree.

{¶13}  We review felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D),

§2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is otherwise contrary to law. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶14} Clear and convincing evidence is evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.*

{¶15} "R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of sentencing[.]" *State v. Harris*, 5th Dist. Muskingum No. CT2019-0075, 2020-Ohio-4600, ¶32. The first is to protect the public from future crime by the offender and others, and the second is to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. *Id.* The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar offenders." R.C. §2929.11(B).

{¶16} "R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C.2929.11." *Harris* at ¶33. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offenders relationship with the victim facilitated the offense; the defendant's prior criminal

record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. §2929.12(B). R.C. §2929.12(C) provides factors a court must consider indicating the offender's conduct is less serious than conduct normally constituting the offense, including mitigating factors. R.C. §2929.12(D) & R.C. §2929.12(E) set forth factors bearing on whether the offender is likely or not likely to commit future crimes.

{¶17} In the case *sub judice*, Appellant contests that the trial court sentenced Appellant to being in possession of a stolen automobile even though the defendant was not convicted of this and denied doing this.

{¶18} During the sentencing hearing, the trial court did state that due to Appellant being found in stolen vehicles on two separate occasions using methamphetamine, he was a danger to his community and motor vehicle owners. However, the trial court made clear its awareness that any possession of a stolen car charge was dismissed, and this sentence was imposed on the two counts listed in the indictment, both Aggravated Possession of Drugs. The record established that the trial court considered the purposes and principles of sentencing as well as the seriousness and recidivism factors set out in R.C. §2929.11 and R.C. §2929.12, respectively.

{¶19} Upon review, we do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. The sentence is within the statutory range for a felony sentence of the fifth degree, and the trial court considered the R.C. §2929.11 and R.C. §2929.12 factors.

{¶20} Appellants' First Assignment of Error is overruled.

**II.**

**{¶21}** In his Second Assignment of Error, Appellant argues that the consecutive sentences are not supported by the record.

**{¶22}** Again, R.C. §2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶1. Pursuant to R.C. §2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. §2953.08(G)(2)(a)-(b).

**{¶23}** R.C.§2929.14(C)(4) provides:

(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the courts finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶24} Thus, the trial court must find that consecutive sentences are necessary to protect the public from future crime to punish the offender. In addition, the court must find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of these three additional findings: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. §2929.16, §2929.17, or §2929.18, or while under post-release control for a prior offense, (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. See, State v. White, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

**{¶25}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. §2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id.* at ¶29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. If a sentencing court fails to make the findings required by R.C. §2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id*. at ¶34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id*. at ¶37.

**{¶26}** During the sentencing hearing of Appellant, the sentencing court considered the purposes and principles of sentencing, as well as the seriousness and recidivism factors. The sentencing court also noted that it found consecutive sentences are necessary to protect the public, punish Appellant, not disproportionate to the crime that he committed, and are also necessary by his criminal conduct.

**{¶27}** Additionally, the sentencing entry states, "the Court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the public[.]" Judgment Entry – Sentencing, November 6, 2018. The court continued, "[t]he offender's history of criminal

conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *Id.*

**{¶28}**  As a result, upon review of the sentencing transcript and the judgment entry, we can discern from the record that the sentencing court engaged in the appropriate analysis and made the requisite findings. Therefore, we find the imposition of consecutive sentences in this case was not contrary to law.

**{¶29}**  Appellant's Second Assignment of Error is overruled.

**{¶30}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, J., and

Hoffman, J., concur.

JWW/br 1209