[Cite as *State v. Davis*, 2022-Ohio-2123.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER J. DAVIS, | : | Case No. 21-COA-017 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County
Court of Common Pleas, Case No.
18-CRI-103

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      June 21, 2022

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHRISTOPHER R. TUNNELL      DAVID C. KNOWLTON
Ashland County Prosecuting Attorney      Kennedy, Cicconetti, Knowlton
     & Barnard Co., LPA
By: NADINE HAUPTMAN      111 South Buckeye Street, Suite 270
Assistant Prosecuting Attorney      Wooster, Ohio 44691
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Baldwin, J.*

**{¶1}** Defendant-appellant Christopher Davis appeals his sentence from the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On June 15, 2018, the Ashland County Grand Jury indicted appellant on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree, and one count of possession of marihuana in violation of R.C. 2925.11(A), also a felony of the fifth degree. At his arraignment on February 7, 2019, appellant entered a plea of not guilty to the charges.

**{¶3}** Thereafter, on April 23, 2019, appellant withdrew his former not guilty plea and entered a plea of guilty to aggravated possession of drugs. The remaining count was dismissed. As memorialized in a Judgment Entry filed on June 6, 2019, appellant was placed on three (3) years of community control. As part of his community control sanctions, appellant was ordered to obey all federal, state and local laws. The Judgment Entry provided that if appellant violated his community control, he would serve a twelve (12) month prison sentence. No appeal was taken.

**{¶4}** On October 21, 2020, an alleged community control violation was filed against appellant alleging as follows:

**{¶5}** COUNT ONE (1): TO WIT: On or about October 17, 2020, in the vicinity of Cleveland, OH, you caused or attempted to cause physical harm to Veronica Downey.

**{¶6}** COUNT TWO (2): TO WIT: On or about October 17, 2020, in the vicinity of Cleveland, OH, you knowingly caused Veronica Downey to believe that you would cause serious physical harm to Veronica Downey.

**{¶7}** COUNT THREE (3): TO WIT: On or about October 17, 2020, in the vicinity of Cleveland, OH, you being the parent of John Doe (DOB: 12/18/2019) who did create a substantial risk to the health and safety of John Doe, by violating a duty of care, protection or support.

**{¶8}** The document further alleged that appellant had been charged with domestic violence, aggravated menacing and child endangering in a Cleveland Municipal Court case and, therefore, had violated the condition of his community control requiring him to obey all federal, state and local laws. On April 21, 2021, the Municipal Court sua sponte dismissed the matter without prejudice.

**{¶9}** An evidentiary hearing on the alleged community control violations occurred on June 18, 2021 before a Magistrate. The Magistrate, in a Decision file on June 28, 2021, found that the State of Ohio had established by substantial proof that appellant had violated the terms of his community control orders "as set for the in Count One of the October 21, 2020 Alleged Community Control Violation Complaint by causing or attempting to cause physical harm to Veronica Downey" and that the State had not established the remaining violations. After no objections to the Decision were filed, the trial court, pursuant to a Judgment Entry filed on July 21, 2021, adopted the Magistrate's Decision.

**{¶10}** On August 31, 2021, the trial court held a sanctioning hearing. As memorialized in a Judgment Entry filed on September 4, 2021, the trial court sentenced appellant to six (6) months in prison.

**{¶11}** Appellant now appeals, raising the following assignments of error on appeal:

**{¶12}** "I. THE TRIAL COURT'S SENTENCE CONSISTING OF A PRISON TERM OF SIX MONTHS FOR A FIFTH DEGREE FELONY DRUG OFFENSE IS CONTRARY TO LAW."

**{¶13}** "II. THE TRIAL COURT ERRED BY FAILING TO CONSIDER AND APPLY THE CAPS SET FORTH IN [SECTION] 2929.15(B)(1)(C)(i) WHEN SANCTIONING APPELLANT FOR VIOLATING HIS COMMUNITY CONTROL, THUS RESULTING IN A SENTENCE THAT IS CONTRARY TO LAW."

I

**{¶14}** Appellant, in his first assignment of error, argues that his six (6) month prison sentence for a fifth degree felony drug offense is contrary to law. Appellant specifically contends that, in revoking his community control and sentencing him to prison, the trial court "relied upon an unspecified, unproven allegation of Appellant's refusal to abide by a recommendation of his supervising officer, a recommendation that was made six months after the formal community control complaint was filed and wholly unrelated to the violations alleged therein."

**{¶15}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.*, *citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶16} In the case sub judice, appellant was placed on community control under specified terms and conditions. After the Cleveland incident in October, appellant was further advised by his probation officer to get domestic violence counseling. There is no dispute that appellant did not do so. However, no community control violation was ever filed against appellant alleging that he failed to complete domestic violence counseling. As noted by appellant, the trial court, in sentencing appellant to prison, placed great weight on appellant's refusal to do so. The trial court stated, in relevant part, on the record: "And basically what they are saying is that you just refused to comply to (sic) the terms and conditions of the supervision and that refusal had led to this violation, coupled with the offenses that you committed, and I am pretty much agreeing with the State, that I think a prison sanctions is appropriate under these circumstances." Transcript at 13.

{¶17} Based on the foregoing, we concur with appellant that "the court's conclusion that Appellant failed to comply with his supervision terms, drawn from an unspecified, unproven allegation by his supervising officer, and basing its decision to impose a prison sanction on the same, is clearly erroneous." Appellant had no notice of such allegation that he had failed to enter into domestic violence counseling and no notice to defend against the same. Moreover, such a violation has not been established or proven by substantial evidence.

{¶18} Appellant's first assignment of error is, therefore, sustained.

II

{¶19} Appellant, in his second assignment of error, argues that the trial court erred by failing to consider and apply the caps set forth in R.C. 2929.15(B)(1)(c)(i) when sanctioning appellant for violating his community control.

{¶20} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.

{¶21} Accordingly, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded to the trial court for resentencing in accordance with this Opinion.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.