[Cite as *State v. Bogle*, 2022-Ohio-2946.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2022-0005 |
| EVA M. BOGLE | |
|     Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2021-0501 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 22, 2022 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| RONALD L. WELCH<br>Prosecuting Attorney<br>Muskingum County, Ohio | BRIAN W. BENBOW<br>Benbow Law Offices, LLC<br>265 Sunrise Center Drive<br>Zanesville, Ohio 43701 |
| TAYLOR P. BENNINGTON<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth Street<br>P.O. Box 189<br>Zanesville, Ohio 43702-0189 | |

*Hoffman, J.*

{¶1} Defendant-appellant Eva Bogle appeals the judgment entered by the Muskingum County Common Pleas Court convicting her following her pleas of guilty to attempted felonious assault (R.C. 2903.11(A)(1)) and assault on a peace officer (R.C. 2903.13(A)) and sentencing her to an aggregate term of incarceration of thirty-six months. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} At 10:30 p.m. on September 6, 2021, Appellant and her cousin were at a Speedway station, pumping gas. Appellant's ex-boyfriend, Howard Martin, pulled up in his vehicle to pump gas next to them. Martin's new girlfriend, Jessica Carnes, was in the car with Martin.

{¶3} Appellant exited her van, approached Martin's vehicle, and began to spray mace through an open moon roof in his vehicle, hitting both Martin and Carnes. Martin drove away. Appellant followed, continuing to spray mace.

{¶4} Martin and Carnes went to Carnes's uncle's apartment. Appellant kicked in the door, hitting Carnes's uncle in the head with the door. Carnes, who had been hiding in the bathroom, came out of the bathroom to find her uncle on the floor with blood on his face. Carnes called 911.

{¶5} Patrolman Cody Dent responded to the call, and located Appellant in her vehicle. He attempted to place Appellant under arrest. While he was trying to get Appellant into his police vehicle, Appellant "donkey kicked" the officer's left knee.

{¶6} Appellant was indicted by the Muskingum County Grand Jury with aggravated burglary, felonious assault, assault on a peace officer, and assault. Appellant entered a plea of guilty to one count of attempted felonious assault, a third degree felony,

and assault on a peace officer, a fourth degree felony.  The State entered a nolle prosequi on the remaining charges. The case proceeded to a sentencing hearing in the Muskingum County Common Pleas Court.  The trial court sentenced Appellant to twenty-four months incarceration for attempted felonious assault and to twelve months incarceration for assault on a peace officer, to be served consecutively for an aggregate term of thirty-six months incarceration.

{¶7}    It is from the December 22, 2021 judgment of the trial court Appellant prosecutes her appeal, assigning as error:


THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES THAT WERE NOT SUPPORTED BY THE RECORD AND THUS CONTRARY TO LAW.


{¶8}    Appellant argues the trial court's finding consecutive sentences were necessary pursuant to R.C. 2929.14(C)(4) is not supported by the record.[1]

{¶9}    We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does

---

[1] Appellant argues in her brief the trial court's imposition of maximum sentences is not supported by the record.  Her argument is not separately assigned as error as required by App. R. 16(A), and we thus may disregard it pursuant to App. R. 12(A)(2).  Further, R.C. 2929.14(A)(3)(b) provides the maximum sentence for a third degree felony is thirty-six months, and R.C. 2929.14(A)(4) provides the maximum sentence for a fourth degree felony is eighteen months.  Therefore, Appellant did not receive the maximum sentence for either conviction.

not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶10}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Smith*, 10th Dist. Franklin No. 18AP-525, 2019-Ohio-5199, ¶ 34, *citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶12} In the sentencing entry and from the bench during the sentencing hearing, the trial court found consecutive sentences are necessary to protect the public and punish Appellant, and consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and the danger she poses to the public. The trial court further found at least two of the offenses were committed as part of one or more courses of conduct, and the harm caused by multiple offenses was so great or unusual that no single prison term for any of the offenses committed as a part of the course of conduct adequately reflects the seriousness of her conduct. Tr. 14; Judgment Entry, December 22, 2021. In the written sentencing entry the trial court further found Appellant's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime.

{¶13} At the sentencing hearing, the trial court noted it had reviewed the presentence investigation report, and while Appellant had no prior felonies, she had prior

misdemeanor convictions for criminal damaging and disorderly conduct, arising from an incident in which she hit someone's car with a baseball bat. Tr. 13. The trial judge stated Appellant had the most incident reports from her time at the jail of any defendant he had seen in almost twenty years on the bench. Tr. 11.

{¶14} We have reviewed the presentence investigation filed under seal in this case. The report states Appellant took no responsibility for her actions, and did not demonstrate sympathy for the victims involved in the case. Appellant's prior misdemeanor offenses involved Appellant engaging in violent acts against other people or their property. While in the Muskingum County Jail, Appellant received a total of 267 days in lockdown for violating jail rules, fighting, and disrespecting officers. The probation officer who prepared the report noted despite the fact Appellant had a limited criminal record, she exemplified significant criminal attitudes and behaviors. While the record does not demonstrate serious injury to either Officer Dent or Moore, Appellant engaged in violent behavior toward both victims, neither of whom was involved in her earlier outburst directed toward her ex-boyfriend and his new girlfriend. We find the trial court's findings concerning consecutive sentencing are supported by the record.

**{¶15}** The assignment of error is overruled. The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J. and

Wise, John, J. concur