[Cite as *State v. Williams*, 2022-Ohio-4727.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 00058 |
| CHASTITY A.K. WILLIAMS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
                              Common Pleas, Case No. 2021 CR 00590


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       December 28, 2022


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

JENNY WELLS                           WILLIAM T. CRAMER
Licking County Prosecuting Attorney   470 Olde Worthington Road – Suite #200
                                      Westerville, Ohio 43082
ROBERT N. ABDALLA
Assistant Prosecuting Attorney
20 S. Second Street
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant Chastity Williams appeals the judgment entered by the Licking County Common Pleas Court convicting her following her pleas of guilty to three counts of theft (R.C. 2913.02(A)(1)) and sentencing her to an aggregate term of incarceration of one year. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On October 27, 2021, Heath Police officers were dispatched to the Walmart store in Heath, Ohio, on a report of suspicious shoppers who were known to have stolen items from the store in the past. Upon arrival, a Walmart employee informed officers the shoppers were concealing merchandise in a storage container and placing the container in a shopping cart. The shoppers fled from the store upon seeing law enforcement. Appellant was carrying multiple bags which she dropped as she ran from the store. Officers apprehended Appellant in front of Gordon Food Service. During the investigation which ensued, officers obtained a key to the vehicle the suspects had driven to Walmart, and found a host of merchandise in the car believed to be stolen from other area stores. Walmart employees determined the value of the merchandise stolen from the Heath store to be $1,415.54.

**{¶3}** As the investigation continued into the items discovered in the car, Newark police spoke to a Walmart prevention officer at the Newark Walmart store concerning thefts which occurred on October 9, 2021, and October 27, 2021. In the first incident, a group including Appellant passed all points of purchase without paying for their items, totaling $1,220.98. A group including Appellant stole multiple items on October 27, 2021, totaling $1,462.62. The merchandise stolen from the Newark Walmart was recovered from the group's car following the incident at the Heath Walmart.

{¶4}   Appellant was indicted by the Licking County Grand Jury on November 4, 2021 with one count of theft.  The indictment was superseded by a three-count indictment charging Appellant with three counts of theft, felonies of the fifth degree.  Count one stemmed from the October 9, 2021 incident, while counts two and three stemmed from the two incidents occurring on October 27, 2021.

{¶5}   Appellant was granted a recognizance bond.  The trial court scheduled a pretrial conference for February 8, 2022.  Appellant failed to appear, and her probation officer notified the court Appellant had been arrested and was jailed in Franklin County. The trial court issued a capias for Appellant's arrest.

{¶6}   The matter was scheduled for jury trial on April 6, 2022.  Again, Appellant failed to appear.  The trial court revoked Appellant's bond and issued a capias for her arrest.

{¶7}   Appellant was arrested on May 9, 2022, and the trial court set jury trial for June 9, 2022.  Appellant subsequently notified the court she intended to change her plea. The State amended counts one and three to first degree misdemeanors, and Appellant entered a plea of guilty to all three counts.  The trial court sentenced Appellant to six months in the Licking County Justice Center on counts one and three, and one year in the Licking County Justice Center on count two, with all counts to be served concurrently for an aggregate term of incarceration of one year.

{¶8}   It is from the July 20, 2022 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

I. THE TRIAL COURT FAILED TO MAKE THE FINDINGS REQUIRED BY R.C. 2929.13(B)(1) TO IMPOSE A PRISON TERM FOR A NON-VIOLENT FIFTH DEGREE FELONY.

II. BY CLEAR AND CONVINCING EVIDENCE, THE RECORD DOES NOT SUPPORT APPELLANT'S MAXIMUM SENTENCE FOR A NON-VIOLENT FIFTH DEGREE FELONY.

**{¶9}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶10}** This appeal shall be considered in accordance with the aforementioned rule.

I.

**{¶11}** Appellant argues the trial court erred in failing to make the findings required by R.C. 2929.13(B)(1) to impose a prison term for a non-violent felony of the fifth degree.

**{¶12}** R.C. 2929.13(B)(1) provides:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and,

if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(v) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(viii) The offender committed the offense for hire or as part of an organized criminal activity.

(ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

(c) A sentencing court may impose an additional penalty under division (B) of section 2929.15 of the Revised Code upon an offender sentenced to a community control sanction under division (B)(1)(a) of this section if the offender violates the conditions of the community control sanction, violates a law, or leaves the state without the permission of the court or the offender's probation officer.

(2) If division (B)(1) of this section does not apply, except as provided in division (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

{¶13} Although a prior version of the statute required the trial court to make findings, the statute as set forth above does not require the trial court to make findings before imposing a prison term for a non-violent fifth degree felony. The record reflects Appellant violated the terms of her recognizance bond set by the trial court, and further was on probation at the time of the offense. Therefore, the trial court could impose a prison term pursuant to R.C. 2929.13(B)(1).

{¶14} The first assignment of error is overruled.

II.

**{¶15}** In his second assignment of error, Appellant argues the trial court erred in imposing the maximum sentence of one year on count two of the indictment.

**{¶16}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶17}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

**{¶18}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. Id. Further, the sentence imposed shall be

"commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. § 2929.11(B).

**{¶19}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11 and R.C. 2929.12.

**{¶20}** Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 169 N.E.3d 649, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if a sentence is contrary to law. *State v. Pettorini*, 5th Dist. Licking No. 2020 CA 00057, 2021-Ohio-1512, ¶ 15

**{¶21}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *Id*. at ¶¶ 14-16, *quoting State v. Dinka,* 12th Dist. Warren Nos. CA2019-03-022 & CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶22}** In the instant case, both the sentencing transcript and the judgment entry reflect the trial court considered the principles and purposes of sentencing set forth in R.C. 2929.11, as well as the seriousness and recidivism factors in R.C. 2929.12.  The

trial court noted Appellant had committed nine theft offenses, including the three in the instant case, and committed a theft offense while she was out on bond in the instant case. The trial court noted Appellant had received probation or "nothing at all" in other cases, and thus found a maximum sentence was warranted.  Tr. 19-20.  We find the maximum sentence imposed is not clearly and convincingly contrary to law in the instant case. The second assignment of error is overruled.

{¶23}  The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur