[Cite as *State v. Pringle*, 2024-Ohio-137.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023 AP 05 0033 |
| JEFFREY PRINGLE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2022-CR-07-0262

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 12, 2024


APPEARANCES:

For Plaintiff-Appellee

RYAN STYER
Tuscarawas County Prosecutor

KRISTINE W. BEARD
Assistant Prosecuting Attorney
Tuscarawas County Prosecutors Office
125 E. High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellant

DAN GUINN
232 West 3rd Street, Suite #312
Dover, Ohio 44622

*Hoffman, P.J.*

{¶1} Defendant-appellant Jeffrey Pringle appeals the judgment entered by the Tuscarawas County Common Pleas Court convicting him following his pleas of guilty to three counts of rape of a victim under the age of thirteen (R.C. 2907.02(A)(1)(b)), three counts of gross sexual imposition of a victim under the age of thirteen (R.C. 2907.05(A)(4)) and one count of gross sexual imposition by force or threat of force (R.C. 2907.05(A)(1)), all with sexually violent predator specifications (R.C. 2941.148), and sentencing him to an aggregate prison term of twenty years to life. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2} Appellant engaged in sexual conduct and sexual contact with two minor victims over a period of years. The minor victims eventually reported the abuse to their mother. During the police investigation which followed, Appellant admitted to the sexual abuse of the victims.

{¶3} Appellant was indicted by the Tuscarawas County Grand Jury with three counts of rape of a victim under the age of thirteen, three counts of gross sexual imposition of a victim under the age of thirteen, and one count of gross sexual imposition by force or threat of force, all with sexually violent predator specifications. He pled guilty to all charges. The trial court sentenced Appellant to a term of incarceration of ten years to life imprisonment for each charge of rape, 36 months to life imprisonment for each count of gross sexual imposition of a victim under the age of thirteen, and 18 months incarceration for gross sexual imposition by force or threat of force. The sentences on the first two counts of rape were to run consecutively to each other, and the sentences on the remaining count of rape and all counts of gross sexual imposition were to run

concurrently with the sentences on the first two counts of rape, for an aggregate term of incarceration of 20 years to life.

**{¶4}** It is from the February 10, 2023 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES FOR COUNTS I AND II AS OPPOSED TO A CONCURRENT SENTENCE UPON THE APPELLANT.


**{¶5}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶6}** R.C. 2929.14(C)(4) provides:


(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶7} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶8} In deciding whether to impose consecutive sentencing, the trial court is to consider the aggregate term of incarceration which will result from consecutive

sentencing. *State v. Gwynne*, 2022-Ohio-4607, 2022 WL 17870605, ¶¶14-15. In *Gwynne*, the Ohio Supreme Court clarified the standard of review this Court is to use on review of consecutive sentences:

It is important to understand that the standards referenced above have very specific meanings and fall into one of two categories—either a standard of review or an evidentiary standard of proof. "Abuse of discretion," "clearly erroneous," and "substantial evidence" are traditional forms of appellate-court deference that are applied to a trial court's decisions. They are standards of review that are applied by a reviewing court to certain decisions that are made by a fact-finder. They are, in essence, screens through which reviewing courts must view the original fact-finder's decision. In contrast, "preponderance," "clear and convincing," and "beyond a reasonable doubt" are evidentiary standards of proof. These standards apply to a fact-finder's consideration of the evidence. R.C. 2953.08(G)(2)'s requirement that appellate courts apply the clear-and-convincing standard on review indicates that the legislature did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences.

In this role as a finder of fact, the appellate court essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance. There are three key differences, however. The first difference, which is discerned from the language of R.C. 2953.08(G)(2), is

that the appellate court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made. In other words, a reviewing court cannot determine for itself which of the three permissible findings within R.C. 2929.14(C)(4)(a)-(c) might apply to satisfy the third required finding for imposing consecutive sentences, as the trial court is permitted to do. The second difference involves the standard of proof. Whereas the trial court's standard of proof under R.C. 2929.14(C)(4) is a preponderance of the evidence—i.e., that when considered as a whole, the evidence demonstrates that the proposition of fact represented by the finding is more likely true, or more probable, than not—an appellate court applies a clear and convincing evidence standard of proof. And the third difference is the inversion of the ultimate question before the court. Whereas the trial court is tasked with determining whether the proposition of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record.

Thus, when viewed in its proper context, the deference that a trial court's consecutive-sentence findings receive comes from the language of R.C. 2953.08(G)(2), which imposes a higher evidentiary standard to reverse or modify consecutive sentences. It does not stem from any statutory requirement that the appellate court defer to the trial court's findings when

considering whether reversal or modification is appropriate under R.C. 2953.08(G)(2).

**{¶9}** *Id.* at ¶¶20-22.

**{¶10}** In the instant case, the trial court found consecutive sentences are necessary to protect the public from future crime or to punish Appellant, consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and to the danger he poses to the public, and at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of Appellant's conduct.

**{¶11}** Appellant argues the trial court's findings are not supported by the record. He argues he expressed remorse and admitted his actions were wrong, he is elderly and has numerous health issues, his risk assessment score was low, and he had no prior criminal record other than traffic offenses.

**{¶12}** In imposing consecutive sentences, the trial court noted the conduct went on for years, and was done in a manipulative manner. The conduct involved various different forms of sexual conduct, and Appellant was in a position of trust to the victims. Upon review of the record, we are not "left with a firm belief or conviction that the findings are not supported by the evidence." *See Gwynne,* supra at ¶27. We find the trial court did not err in imposing consecutive sentences on counts one and two of rape in the instant case.

{¶13} The assignment of error is overruled.  The judgment of the Tuscarawas County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, J.  and

King, J. concur