[Cite as *State v. Maust*, 2024-Ohio-1394.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
|     Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 23CA000031 |
| ANDREW C. MAUST | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 23CR63

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    April 12, 2024

APPEARANCES:

For Plaintiff-Appellee

JASON R. FARLEY
ASSISTANT PROSECUTOR
627 Wheeling Avenue
Cambridge, Ohio 43725

For Defendant-Appellant

MICHAEL GROH
1938 East Wheeling Avenue
Cambridge, Ohio 43725

*Wise, J.*

**{¶1}** Defendant-Appellant Andrew Cory Maust appeals his sentence on two counts of Aggravated Trafficking in Drugs, entered in the Guernsey County Court of Common Pleas following a guilty plea.

**{¶2}** Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** For purposes of this appeal, the relevant facts and procedural history are as follows:

**{¶4}** On March 2 and March 8 of 2023, Guernsey County Law Enforcement Officers used a confidential informant to buy narcotics from Anthony Hackley. On each occasion Appellant Andrew Cory Maust was seen supplying the drugs to Hackley, who then sold them to the confidential informant. On March 8, 2023, both Hackley and the Appellant were apprehended immediately after the transaction. Appellant admitted to supplying the drugs. Marked buy-money that had been given to the confidential informant was also found on Appellant's person when he was arrested.

**{¶5}** On May 2, 2023, a Guernsey County Grand Jury indicted Appellant Andrew Cory Maust on one count of Aggravated Possession of Drugs, in violation of R.C. § 2925.11(C)(1)(a), a felony of the fifth degree; one count of Aggravated Trafficking in Drugs, in violation of R.C. §2925.03(A)(2), a felony of the fourth degree; one count of Aggravated Possession of Drugs, in violation of R.C. §2925.11(C)(1)(b), a felony of the third degree; and one count of Aggravated Trafficking in Drugs, in violation of R.C. §2925.03(C)(1)(c), a felony of the third degree.

**{¶6}** On May 9, 2023, Appellant entered pleas of not guilty to all offenses.

**{¶7}** On September 8, 2023, Appellant withdrew his former pleas of not guilty and entered a negotiated plea of guilty to Count Two: Aggravated Trafficking in Drugs, in violation of R.C. §2925.03(A)(2), a felony of the fourth-degree and Count Four: Aggravated Trafficking in Drugs, in violation of R.C. §2925.03(A)(2), a felony of the third-degree.

**{¶8}** On September 8, 2023, the trial court sentenced Appellant to a term of thirty (30) months imprisonment on Count Four, consecutive to a fifteen (15) month sentence in Count Two.

**{¶9}** Appellant now appeals, raising the following assignment of error on appeal:

## ASSIGNMENT OF ERROR

**{¶10}** "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."

## I.

**{¶11}** In his sole assignment of error, Appellant argues that the trial court erred in imposing consecutive sentences. We disagree.

**{¶12}** We review felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Roberts,* 5th Dist. Licking No. 2020 CA 0030, 2020-Ohio-6722, ¶13, *citing State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶13}** R.C. §2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** The trial court must make the R.C. §2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic

words or phrases in order to be considered to have complied. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

**{¶15}** In deciding whether to impose consecutive sentencing, the trial court is to consider the aggregate term of incarceration which will result from consecutive sentencing. *State v. Gwynne*, 2022-Ohio-4607, 2022 WL 17870605, ¶¶ 14-15. In *Gwynne*, the Ohio Supreme Court clarified the standard of review this Court is to use on review of consecutive sentences:

It is important to understand that the standards referenced above have very specific meanings and fall into one of two categories—either a standard of review or an evidentiary standard of proof. "Abuse of discretion," "clearly erroneous," and "substantial evidence" are traditional forms of appellate-court deference that are applied to a trial court's decisions. They are standards of review that are applied by a reviewing court to certain decisions that are made by a fact-finder. They are, in essence, screens through which reviewing courts must view the original fact-finder's decision. In contrast, "preponderance," "clear and convincing," and "beyond a reasonable doubt" are evidentiary standards of proof. These standards apply to a fact-finder's consideration of the evidence. R.C. §2953.08(G)(2)'s requirement that appellate courts apply the clear-and-convincing standard on review indicates that the legislature did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences.

In this role as a finder of fact, the appellate court essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance. There are three key differences, however. The first difference, which is discerned from the language of R.C. §2953.08(G)(2), is that the appellate court is constrained to considering only the findings in R.C. §2929.14(C)(4) that the trial court has actually made. In other words, a reviewing court cannot determine for itself which of the three permissible findings within R.C. §2929.14(C)(4)(a)-(c) might apply to satisfy the third required finding for imposing consecutive sentences, as the trial court is permitted to do. The second difference involves the standard of proof. Whereas the trial court's standard of proof under R.C. §2929.14(C)(4) is a preponderance of the evidence—i.e., that when considered as a whole, the evidence demonstrates that the proposition of fact represented by the finding is more likely true, or more probable, than not—an appellate court applies a clear and convincing evidence standard of proof. And the third difference is the inversion of the ultimate question before the court. Whereas the trial court is tasked with determining whether the proposition of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record.

Thus, when viewed in its proper context, the deference that a trial court's consecutive-sentence findings receive comes from the language of

R.C. §2953.08(G)(2), which imposes a higher evidentiary standard to reverse or modify consecutive sentences. It does not stem from any statutory requirement that the appellate court defer to the trial court's findings when considering whether reversal or modification is appropriate under R.C.§ 2953.08(G)(2).

**{¶16}** *Id.* at ¶¶ 20-22.

**{¶17}** In the instant case, in both the sentencing entry and at the sentencing hearing, the trial court found consecutive sentences are necessary to protect the public from future crime or to punish Appellant, and that consecutive sentences are not disproportionate to the seriousness of Appellant's conduct or to the danger he poses to the public. (Sent. T. at 43).

**{¶18}** Appellant argues the trial court's findings are not supported by the record. Appellant argues he expressed remorse and recognized the harm caused by drugs, that he successfully completed an intensive outpatient recovery program, that his offense was not one of violence, that he has a wife, a small child and a support system. (Sent. T. at 35-39).

**{¶19}** In imposing consecutive sentences, the trial court had before it Appellant's current charges involved two separate counts of trafficking in methamphetamine, and that he had previously been convicted of aggravated possession of drugs and possession of heroin in 2020, possession of heroin in 2017, and possession of cocaine in 2015. (Sent. T. at 28, 32, 41-42). Appellant also had prior criminal convictions for vandalism, tampering in 2017 and theft in 2014. (Sent. T. at 33, 42). The court noted a pattern of drug and alcohol abuse and that Appellant has failed to respond to sanctions in the past. (Sent. T. at 42). The court found recidivism was likely in this case. (Sent. T. at 43). The court also

noted that Appellant's drug convictions were part of organized criminal activity. (Sent. T. at 42).

**{¶20}** We further note that the aggregate sentence imposed by the trial court is only nine (9) months longer than the maximum sentence the trial court could have imposed on the third-degree felony charge.

**{¶21}** Upon review of the record, we are not "left with a firm belief or conviction that the findings are not supported by the evidence." *See Gwynne, supra* at ¶ 27. We find the trial court did not err in imposing consecutive sentences in the instant case.

**{¶22}** Appellant's sole assignment of error is overruled.

**{¶23}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, affirmed.


By: Wise, J.

Baldwin, P. J., and

Gwin, J., concur.


JWW/kw 0408