[Cite as *State v. Hedges*, 2025-Ohio-1155.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

ISAK HEDGES

    Defendant-Appellant

JUDGES:
Hon. Craig R. Baldwin, P.J.
Hon. William B. Hoffman, J.
Hon. Andrew J. King, J.

Case No. 24AP0008

O P I N I O N

CHARACTER OF PROCEEDINGS:      Appeal from the Morgan County Court of
Common Pleas, Case No. 23CR0029

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 31, 2025

APPEARANCES:

For Plaintiff-Appellee

MARK HOWDYSHELL
Morgan County, Ohio
Assistant Prosecuting Attorney
109 E. Main Street
McConnelsville, Ohio 43756

For Defendant-Appellant

BRIAN W BENBOW
Benbow Law Offices, LLC
803 Taylor Street
Zanesville, Ohio 43701

*Hoffman, J.*

**{¶1}** Defendant-appellant Isak Hedges appeals the judgment entered by the Morgan County Common Pleas Court convicting him following his pleas of guilty to possession of a fentanyl-related compound, with a major drug offender specification (R.C. 2925.11(A), R.C. 2941.1410(B)), aggravated possession of drugs (R.C. 2925.11(A)), possession of drugs (R.C. 2925.11(A)), and three counts of trafficking in a fentanyl-related compound (R.C. 2925.03(A)(1)). The trial court sentenced him to an aggregate prison term of seventeen to twenty-two and one-half years of incarceration. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 8, 2022, police met with a confidential informant, who was to conduct a controlled purchase of $60.00 worth of fentanyl from Appellant. The informant purchased the fentanyl from Appellant, who told the informant to be careful and not to drive while using the drugs. The informant later told police Appellant weighed the drugs out from a package of aluminum foil.

**{¶3}** Police again met with an informant on November 21, 2022, for the purpose of purchasing $60.00 worth of fentanyl from Kelly Smith, aka Hedges. Smith sent the informant to the garage to get scales from Appellant. Appellant told the informant, "If you want good dope come back out here."

**{¶4}** A third controlled buy was scheduled for February 21, 2023. The informant contacted Appellant, who offered to sell him 3.5 grams of fentanyl for $360.00. Appellant sold the informant the drugs, and asked the informant if he or she wanted to try it. The informant made an excuse about a friend being in the vehicle, and left without sampling the fentanyl.

**{¶5}** On July 18, 2023, an informant made a controlled buy of $600.00 worth of fentanyl from Appellant. Following this purchase, agents with the Southeast Major Crimes Task Force and the Morgan County Sheriff's Department executed a search on Appellant's home. Appellant spoke with police, and when asked what police were going to find, Appellant stated, "I think you guys have a pretty good idea." Police found drugs, drug paraphernalia and firearms in the house.

**{¶6}** Appellant was indicted by the Morgan County Grand Jury with possession of a fentanyl-related compound, aggravated possession of drugs, possession of drugs, four counts of trafficking in a fentanyl-related compound, and one count of engaging in a pattern of corrupt activity. The State entered a dismissed one of the charges of trafficking in a fentanyl-related compound and the charge of engaging in a pattern of corrupt activity. Appellant entered a plea of guilty to the remaining six charges. The trial court sentenced Appellant to an aggregate term of incarceration of seventeen to twenty-two and one-half years.

**{¶7}** Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once

the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8}    We find counsel has complied with *Anders.* Appellant has not filed a pro se brief, and the State has not filed a response brief. Counsel sets forth three assignments of error which could arguably support the appeal:


I. THE COURT ERRED IN IMPOSING A SENTENCE THAT WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING AND WHICH SENTENCE DEMONSTRATES AN UNNECESSARY BURDEN ON STATE RESOURCES.

II. THE TRIAL COURT ERRED BY IMPOSING MAXIMUM CONSECUTIVE SENTENCES.

III. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO *STRICKLAND V. WASHINGTON* (1984), 466 U.S. 668, 80 L.ED. 2D 674, 104 S.CT. 2052.


I.

{¶9}    In his first assignment of error, Appellant argues the trial court erred in imposing a sentence grossly disproportionate to his conduct.

**{¶10}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶ 13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 2014-Ohio-3177.

**{¶11}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶12}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶13}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria

which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶14} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶15} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

{¶16} The sentencing entry recites the trial court considered the principles and purposes of sentencing pursuant to R.C. 2929.11, as well as the seriousness and recidivism factors set forth in R.C. 2929.12. The sentence was within the statutory range, and post release control was properly imposed. As noted by counsel in his *Anders* brief, this Court is not permitted to reweigh the evidence and substitute our own judgment for that of the trial court. We find the sentence is not clearly and convincingly contrary to law.

{¶17} The first assignment of error is overruled.

II.

**{¶18}** In his second assignment of error, counsel argues the trial court erred in imposing consecutive sentences. We disagree.

**{¶19}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶21} The Ohio Supreme Court has recently clarified the standard of review this Court is to apply in reviewing consecutive sentences:

Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, *id.* at ¶ 97-98. To the extent that the court of appeals premised its

holding on its disagreement with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in

criminal cases. *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

**{¶22}** *State v. Glover,* 2024-Ohio-5195, ¶¶ 43-46.

**{¶23}** The trial court imposed a sentence of a minimum of eleven years of incarceration for possession of a fentanyl-related compound, to be served consecutively to a sentence of a minimum of three years incarceration for aggravated possession of drugs. The trial court found consecutive sentences were necessary to protect the public from future crime or to punish Appellant, and consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and to the danger he poses to the public. The trial court found at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of Appellant's conduct.

**{¶24}** At the sentencing hearing, the trial court stated as follows regarding its imposition of consecutive sentences:

And if you look at the chart, Mr. Hedges, you – you sold drugs on November 22nd, you got caught.  You didn't know at the time you got caught.  But then you did it again and you did it again and you did it again.  At any point in time, you could have stopped.  But because you didn't until literally the cops walked through your door, one has to assume that you would have kept doing it.

**{¶25}**  Sent. Tr. 22-23.

**{¶26}**  We have reviewed the record before this Court, including the presentence investigation report, and we do not clearly and convincingly find the trial court's imposition of consecutive sentences was unsupported by the evidence.  The second assignment of error is overruled.

III.

**{¶27}**  In his third assignment of error, Appellant argues his trial counsel was ineffective.  However, Appellant's brief does not cite to any potential instances of ineffective assistance of counsel which would arguably support this assignment of error. The third assignment of error is accordingly overruled.

{¶28} After independently reviewing the record, we agree with Counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Morgan County Common Pleas Court.

By: Hoffman, J.
Baldwin, P.J.
King, J.  concur